PEOPLE, PLAINTIFF AND APPELLEE, *v.* IRIZARRY, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution
for Mayhem.

No. 2242.—Decided May 22, 1924.

DISMISSAL—SPEEDY TRIAL—CAUSE FOR DELAY.—In this case the information was filed on June 29th, the defendant was arraigned on July 13th and the case was tried on November 7th. The defendant moved for dismissal under section 448 of the Code of Criminal Procedure and the district attorney alleged as a good cause for the delay that the court was in vacation during the months of August and September; that the term preceding the vacation was devoted to the trial of criminal cases, as was also the term following, which began on October 8th; that on some days as many as thirty cases were tried, and that on October 29th the jury trials began, the 7th of November having been set for that of the defendant and the court having been constantly busy with such trials during that time, hearing as many as two felony cases on some days. *Held:* That there was just cause for the delay in trying the case.

MAYHEM—INTENT.—In a prosecution for mayhem it is not necessary to prove intent to mutilate. It is sufficient that the mutilation is a result of the assault and battery.

The facts are stated in the opinion.

*Mr. A. Fiol Negrón* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was found guilty by a jury of the crime of mayhem and alleges on appeal from the judgment of conviction that the trial court erred in overruling his motion to dismiss the prosecution on the ground that he had not been tried within 120 days after the filing of the informa-

tion, in accordance with section 448 of the Code of Criminal Procedure.

The information was filed on June 29th, the accused was arraigned on July 13th, and the trial was held on the 7th of the following November, or seven days after the expiration of the 120 days referred to in the said statute, counted from the date of the filing of the information. But the district attorney alleged as a good cause for that delay that the court was in vacation during the months of August and September; that the term prior thereto and also the one thereafter which commenced on October 8th were devoted to the trial of criminal cases, as many as thirty cases having been tried on some days; that on October 29th the jury trials began, that of the defendant having been set for the 7th of November, and that the court was constantly busy during that time in trying such cases, disposing of as many as two felony cases on some days.

In view of these facts we can not hold that the trial court committed the error assigned by the appellant, for they are sufficient to show a good cause for the delay in bringing the appellant to trial, as held in the case of *People* v. *Nigaglioni,* 28 P.R.R. 217.

The second assignment of error is that there was no proof at the trial of the intent to maim; but we held in the case of *People* v. *Pizarro,* 21 P.R.R. 17, that such evidence was not necessary, it being sufficient that the mutilation was a result of the battery; and in the present case the appellant, with his cane-knife wounded the victim in the right wrist, almost severing his right hand, and as a consequence of which he lost absolutely the fore and middle fingers of that hand.

For the foregoing reasons the judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.